## Ella W. Magee, Appellant, v. John J. Magee, Appellee.

### Gen. No. 19,338.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Bill filed by Ella W. Magee against John J. Magee for a divorce, charging defendant with cruelty and adultery. The case was heard by the chancellor without a jury. From a decree dismissing the bill for want of equity, complainant appeals.

Complainant urged as ground for reversal that upon the evidence adduced she established the averments of her bill and was entitled to a decree of divorce.

WARREN PEASE, for appellant.

GEORGE W. PLUMMER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 47*—*when evidence insufficient to show cruelty.* Evidence *held* insufficient to show that the husband was guilty of cruelty so as to entitle the wife to a divorce, where it appeared that the last alleged act of cruelty consisted of a slight discoloration of the wife's face resulting from being struck by his arm or elbow when she was resisting his attempt to break a lock in a door with his knife, and it appeared that the previous acts of cruelty, one of which was explained as accidental, had been condoned by the wife.

2. DIVORCE, § 46*—*when evidence insufficient to prove charge of adultery.* Evidence *held* insufficient to show that the husband was guilty of adultery so as to entitle the wife to a divorce, where the

* See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

only evidence to support the charge was the deposition of a common prostitute in another city, which deposition she was induced to make at the direction of a man, as to whom, she said, "I do everything he tells me to," it appearing she was a confessed victim of the cocaine habit, and the record of her testimony disclosing that while under examination before the commissioner she suffered a mental and nervous collapse for lack of the drug.

---

**William L. Newman, Administrator, Appellee, v. Barber Asphalt Paving Company, Appellant.**

**Gen. No. 19,406.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of fact. Opinion filed December 31, 1914. Rehearing denied January 20, 1915.

### Statement of the Case.

Action by William L. Newman, administrator of the estate of James Vernon Meek, deceased, against the Barber Asphalt Paving Company, a corporation, to recover damages for wrongfully causing the death of plaintiff's intestate, who was a boy six years of age. The plaintiff had verdict and judgment for thirty-seven hundred and fifty dollars. To reverse the judgment, defendant appeals.

On July 21, 1909, and for about two weeks prior thereto, appellant was engaged in paving Jackson boulevard near the intersection of Lincoln street, or in repairing the pavement there. The asphalt was hauled to the job in dump wagons drawn by horses, and was not unloaded until it was required to be spread upon the pavement. About ten o'clock in the forenoon of the day named, several wagonloads of asphalt were hauled to the place where the work was in prog-